IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE A. REID, JR.,** | : | CIVIL ACTION NO. 1:25-CV-844 |
| Plaintiff | : | (Judge Neary) |
| v. | : | |
| **MONICA M. LITTMAN,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

This is a civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Dwayne A. Reid, Jr., alleges that three judges of this district and two lawyers violated his civil rights through actions they took in another civil case pending in this district, Reid v. Portfolio Recovery Associates, LLC, No. 1:24-CV-2101 (M.D. Pa. filed Dec. 5, 2024). The claims against the judges have been dismissed *sua sponte*. The claims against the lawyers will likewise be dismissed *sua sponte*.

**I.      Factual Background & Procedural History**

Reid filed this case on May 13, 2025. (Doc. 1). On July 18, 2025, the court dismissed the claims against the judges with prejudice and ordered plaintiff to show cause why the claims against the attorneys should not be dismissed, noting that it appeared that the attorneys had not acted under color of state law and that even if they had acted under color of state law, their actions could not be construed as violating plaintiff's civil rights in any manner. (Docs. 29-30). Plaintiff responded to the court's order on August 15, 2025. (Doc. 31). Plaintiff largely ignores the court's order to state why the claims against the attorneys should not be dismissed, but he

asserts several arguments for reconsideration of the dismissal of the claims against the judges. (Id.) His arguments are considered below.

## II. Legal Standard

The district court may *sua sponte* dismiss a claim for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) after service of process if the court first gives the plaintiff notice and an opportunity to respond. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 n.15 (3d Cir. 2002); Oatess v. Sobolevich, 914 F.2d 428, 430 n.5 (3d Cir. 1990).

In considering whether to dismiss a complaint for failure to state a claim upon which relief may be granted, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions

may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**III. Discussion**

Reid's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

At the outset, the claims against defendant lawyers Littman and Kivisto will be dismissed *sua sponte*. As the court explained in its order to show cause:

3

> [I]t appear[s] to the court that dismissal of the claims against defendants Littman and Kivisto for failure to state a claim is appropriate because a plaintiff seeking to assert civil rights claims pursuant to Section 1983 must allege that defendants acted under color of state law, see West v. Atkins, 487 U.S. 42, 48 (1988), and "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court," Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) (citing Polk County v. Dodson, 454 U.S. 312, 318 (1981)), and the court observing that an attorney's actions are not deemed state action merely because the attorney is, like defendant Kivisto, paid out of the state fisc to represent a state employee, cf. Limehouse v. Delaware, 144 F. App'x 921, 923 (3d Cir. 2005) ("a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel" (citing Polk, 454 U.S. at 325); accord N'Jai v. Floyd, 386 F. App'x 141, 144 (3d Cir. 2010); Aruanno v. Blodgett, 339 F. App'x 258, 260 (3d Cir. 2009); Brown v. Terrell, 322 F. App'x 93, 94 (3d Cir. 2009); Gonzalez v. Feiner, 130 F. App'x 590, 592 n.2 (3d Cir. 2005), and it further appearing that dismissal of the claims against defendants Littman and Kivisto is appropriate because even assuming, *arguendo*, that the defendants acted under color of state law, the complaint does not allege any actions by the defendants other than representing their clients against plaintiff's claims in the other case in this district, which cannot be plausibly construed as violating plaintiff's civil rights in any manner…

(Doc. 30 at 2-3). Reid essentially ignores the court's direction to explain why the claims against Littman and Kivisto should not be dismissed.[1] He only mentions these defendants to note that they engaged in mundane tasks related to their representation of their clients in the other case in this district. (See generally Doc. 31). Thus, since he has failed to show that Littman and Kivisto engaged in state action or that they have taken any other actions other than simply representing an

---

[1] Reid asserts that Littman and Kivisto "are subject to personal liability, as they are not shielded by judicial or sovereign immunity." (Doc. 31 at 19). The court, however, never suggested that Littman and Kivisto were entitled to immunity, but rather instructed Reid to show what state action they performed and how their representation of their clients violated his civil rights.

4

adverse party in a lawsuit Reid filed, his claims against these defendants will be dismissed. The dismissal will be with prejudice because the court concludes that any amendment of the claims against Littman and Kivisto would be futile.

Turning to Reid's arguments for reconsideration of the dismissal of his claims against the judges, he argues that the judges should not have been granted judicial immunity because: (1) judges being allowed to regulate the conduct of attorneys through the issuance of court orders violates his constitutional rights; (2) the court's dismissal of the claims against the other judges constitutes a willful and deliberate concealment of wrongdoing; (3) the judges are biased against plaintiff; (4) the court's dismissal of the claims against the judges constitutes retaliation against the plaintiff and treason and rebellion against the United States and violates plaintiff's right to due process; (5) the judges were acting in a commercial capacity rather than a judicial capacity because they were "managing a commercial debt dispute" and because the court collected a filing fee in the case; (6) the judges' actions were administrative rather than judicial because their actions were "required by statute" and they were "enforcing a statute"; (7) this district court is not a "'true' Article III court, but a statutory creation"; (8) the judges are obligated to uphold federal law; (9) the judges acted in the absence of all jurisdiction; (10) Reid's complaints against the judges should be treated as a whistleblower complaint; (11) the *sua sponte* dismissal violated the principle of party presentation; (12) the dismissal caused Reid prejudice by creating a lasting stigma that his claims have no merit; (13) the dismissal impacts interstate commerce; and (14) the court should not have dismissed the claim without considering the merits of his claims.

Reid's arguments are frivolous. As this court clearly explained in its dismissal order, absolute judicial immunity is only overcome when claims against judges are based on "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or actions that are "judicial in nature" but "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Reid's claims in the instant case are clearly based on judicial actions taken by the judges in the other case in this district, and Reid has not shown that they took these actions in the absence of all jurisdiction.[2] Accordingly, the court will not reconsider the dismissal of the claims against the judges.[3]

## IV.  Conclusion

This case is dismissed with prejudice. Any appeal from this ruling is not taken in good faith. See 28 U.S.C. § 1915(a)(3). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   October 6, 2025

---

[2] Reid argues that the magistrate judge defendants took certain actions that were beyond their referral authority, (see Doc. 31 at 15), but this is an argument that is properly litigated on appeal from the decisions in the original case and is not a basis to conclude that the judges acted in the absence of all jurisdiction.

[3] Reid additionally argues that I must recuse from this case because "clearly Judge Neary has no consideration to hold the defendants accountable as her own silence has shown. Clear indication of bias and impartiality." (Doc. 31 at 24). This argument is frivolous. "[A] party's displeasure with legal rulings does not form an adequate basis for recusal." 224 F.3d 273, 278 (3d Cir. 2000).